UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH RAY RICH,<br><br>    Petitioner,<br><br>  v.<br><br>WARDEN J. MACOMBER,<br><br>    Respondent. | Case No. CV 16-1106 SJO(JC)<br><br>ORDER (1) SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND ACTION WITHOUT PREJUDICE; AND (2) DIRECTING CLERK TO FILE PETITION AS MOTION TO AMEND PETITION FOR WRIT OF HABEAS CORPUS IN CASE NO. 16-894 |

  On February 17, 2016, petitioner Elijah Ray Rich ("petitioner"), a state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Second Petition") in the instant action ("Second Federal Action").[1] The Second Federal Action is the second habeas action which petitioner

---

[1] "Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge. Respondent has not yet been served with the Petition and therefore is not a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (internal quotation marks omitted)). Thus, all parties have consented pursuant to

(continued...)

1

has filed in this Court which challenges a 2013 judgment in Los Angeles County Superior Court Case No. MA05413 ("State Case"). The first such action ("First Federal Action") in which the operative pleading is also a Petition for Writ of Habeas Corpus by a Person in State Custody ("First Petition") is currently pending before this Court in the similarly entitled case: Elijah Ray Rich v. Warden J. Macomber, No. CV 16-894 SJO(JC). The First Petition asserts a Sixth Amendment claim predicated upon the denial of two Faretta[2] motions in the State Case. The Second Petition challenges the legality of the sentence imposed in the State Case.

      In cases in which a federal habeas petitioner already has pending a federal habeas petition pertaining to the same state court conviction in the same court, dismissal is appropriate because the maintenance of a duplicative action serves no legitimate purpose. See Heidinger v. Yates, 2007 WL 1711776 (N.D. Cal. June 13, 2007) (dismissing habeas petition because petitioner already had habeas petition pertaining to same state court conviction pending in same court); Smith v. Louisiana, 2006 WL 1985467 (E.D. La. June 7, 2006) (even if construed as habeas petition, filing challenging convictions should be dismissed as duplicative since petitioner already has pending in same court a habeas petition involving same convictions). If petitioner is entitled to any habeas relief relative to the judgment in the State Case, the Court can afford such relief in the First Federal Action. Therefore, maintenance of the present, apparently duplicative action would serve no legitimate purpose.

---

[1](...continued)
28 § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1118–21 & n.3 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to action); Carter v. Valenzuela, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition).

[2]Faretta v. California, 422 U.S. 806 (1975).

Nonetheless, in accordance with governing Ninth Circuit authority, the Court construes the Second Petition to be a Motion to Amend the First Petition and directs that it be filed as such in the First Federal Action. See Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir. 2008) (if prior habeas petition still pending when subsequent habeas petition filed, court should construe subsequent petition as motion to amend first habeas petition).

IT IS THEREFORE ORDERED:  (1) the instant Second Petition and Second Federal Action are dismissed without prejudice; (2) the Clerk shall file the Second Petition as a Motion to Amend the Petition in the First Federal Action; and (3) Judgment shall be entered accordingly.

DATED:  February 23, 2016

_____/s/_____
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE